**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | |
|---|---|
| CORNELIUS EUBANKS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:04-648-MBS-BM |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| THE UNIVERSITY OF SOUTH ) | |
| CAROLINA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This action was filed by the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq., alleging employment discrimination. The Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on September 30, 2005. After receiving an extension of time to respond, Plaintiff filed a memorandum in opposition to the Defendant's motion on October 25, 2005, following which Defendant filed a reply memorandum on November 4, 2005. Defendant's motion is now before the Court for disposition.[1]

**Background and Evidence**[2]

Plaintiff is an African-American who began working for the Defendant in 1992 as

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendant has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]The facts and evidence are considered and discussed hereinabove in the light most favorable to the Plaintiff, the party opposing summary judgment. Pittman v. Nelms, 87 F.3d 116, 118 (4th Cir. 1996).

1



a Trades Craftsman in the Maintenance Department.  Plaintiff's Deposition, p. 7. On or about October 5, 1999, Plaintiff as well as some other maintenance employees of the Defendant filed a joint administrative charge of discrimination with the Equal Employment Opportunity Commission (EEOC).  See Plaintiff's Deposition, p. 16; Defendant's Exhibit 2. The EEOC reviewed these complaints, which alleged discrimination between August 19, 1997 and October 1, 1999, for each individual listed on the administrative charge. Id. After Plaintiff's receipt of a right to sue letter on May 21, 2001; see Plaintiff's Deposition, p. 16; Defendant's Exhibit 3; this action was filed in the United States District Court asserting claims for disparate treatment race discrimination.[3]

Following numerous discovery problems between the parties, an order was issued on February 15, 2005 which required Plaintiff to identify with specificity his claim against the Defendant.  Plaintiff's response was as follows:

> This plaintiff would show that after he and other similarly situated employees filed a charge of race discrimination with EEOC, he was summoned into Gerald Goings' office.  It was obvious that Goings made reference to the fact that the employees had filed with EEOC.  Goings asked Eubanks, "Let's talk about the problem."  When Eubanks told Goings that it was wrong not to have given Levon Walker, a black male, the position of area manager for area two, Goings responded that Walker did not have management skills or communication skills.  Eubanks responded that Walker in fact already performed the job of area manager and was called upon from time to time by Goings and others to interact with faculty and administration so he must obviously have communication and management skills.  Eubanks did not believe Goings['] assertion that Walker did not have communication or management skills.  The position in question was given to a white male, Gerald Wilson.  Eubanks told Goings that if he really believed that Walker lacked certain skills there were classes where one could develop these skills.  Goings said that it was not up to him to inform people of classes.
>
> This Plaintiff would also show that when he was up for a review in 1988 or 1999, he

---

[3]Plaintiff initially filed a joint lawsuit together with the other maintenance employees. That initial action was subsequently withdrawn so that each Plaintiff could separately pursue their own individual claims in this Court.



was told that the review was lost, and he knew this to be a lie because he [saw] the review on Gerald Wilson's desk.

Plaintiff's Supplemental Answers to Defendant's Interrogatories.

## **Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P.

Defendant argues that, to the extent Plaintiff's claim is otherwise timely and has been properly exhausted, it lacks merit and should be dismissed. The undersigned agrees. First, Plaintiff's complaints about how Goings may or may not have treated another employee does not set forth a claim that he [the Plaintiff] was subjected to any race discrimination. Plaintiff cannot assert claims on behalf of other employees of the Defendant. *Cf.* Hummer v. Dalton, 657 F. 2d 621, 626 (4th Cir. 1981) [A plaintiff may not serve as a "knight errant" for other individuals, but may only seek to enforce his own rights.]. See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1999), cert. denied, 522 U.S. 1154 (1999). Rather, in order to pursue a disparate race claim under Title VII, Plaintiff must show that he suffered some adverse employment action at the hands of the Defendant that was motivated by a racial animus. See Bailey v. South Carolina Dept. of Social Services, 851 F.Supp. 219, 221 (D.S.C. 1993) [to pursue a Title VII race discrimination claim, plaintiff must present evidence to show that he suffered an adverse employment action on account of his race].



As for Plaintiff's statement that when he was up for a review in 1988 or 1999, he was told that his review had been lost, this allegation also fails to set forth a valid employment discrimination claim. Plaintiff concedes that, even if he had received a performance review, that does not mean that he would have received a raise. Plaintiff's Deposition, pp. 25, 31. See Page v. Bolger, 645 F.2d 227, 233 (4th Cir. 1981) [speculation of future harm does not constitute an adverse employment action]. Plaintiff even testified that there was no relationship between his receiving a performance review and receiving a salary increase. Plaintiff's Deposition, p. 34. *Cf.* Bristow v. Daily Press, Inc., 770 F.2d 1251, 1255 (4th Cir. 1985) ["The employment discrimination laws require as an absolute precondition to suit that some adverse employment action have occurred"]. Plaintiff's own subjective belief, no matter how heartfelt, that his not having received a performance evaluation prevented him from receiving a pay increase (assuming that that is what Plaintiff's claim is) is not sufficient to avoid summary judgment. Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985) [A party opposing summary judgment "cannot create a general issue of fact through mere speculation or by the building of one inference upon another."].

In any event, even if some adverse action had been shown, Plaintiff has presented no evidence to show that his race played any role in the Defendant's employment decision. Plaintiff was specifically asked at his deposition, and responded, as follows:

**Question:** What evidence do you have that the reason you did not receive those ratings was because of your race?

**Answer:** I don't have any.

**Question:** You don't have any evidence?

**Answer:** No.

Plaintiff's Deposition, p. 35.

4



As previously noted, to proceed with this claim Plaintiff must present evidence sufficient to create a genuine issue of fact as to whether he suffered some adverse employment action because of his race. Bailey, 851 F.Supp. at 221; see also EEOC v. Clay Printing Co., 955 F.2d 936, 941 (4th Cir. 1992) ["...when a plaintiff admits under oath that he or she cannot point to any statement or piece of physical evidence indicative of...discrimination, it undermines the plaintiff's claim that but for [their race] the employment decision would not have been made"]. He has failed to do so. Indeed, in his brief opposing summary judgment, Plaintiff does not even respond to the arguments for dismissal set forth by the Defendant in its brief and discussed hereinabove. Rather, he argues that he has asserted a hostile work environment claim, and/or that he is entitled to assert such a claim under the doctrine of equitable estoppel. The undersigned does not find that these arguments have any merit.

With respect to hostile work environment, pursuant to this Court's order of February 15, 2005, Plaintiff was required to specifically identify the claim or claims he was asserting in this lawsuit. In his response to the Defendant's supplemental interrogatories Plaintiff specifically identified only the claim relating to his failure to receive an evaluation and his complaints concerning how another employee was treated.[4] No evidence, exhibits, or other information has been submitted to this Court to show that any hostile work environment claim was

---

[4]Plaintiff also refers in his memorandum to claims of other individuals who worked for the Defendant. However, the previous multi-Plaintiff case was dismissed specifically so that each Plaintiff could pursue their own, *individual*, claim against this Defendant. Neither this action, or even the prior multi-Plaintiff action, is or ever was a class action. Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 190 (4th Cir. 2004) ["[A]n individual plaintiff in a private, non-class action alleging employment discrimination is not litigating common questions of fact, but the discrete question of whether the employer discriminated against the plaintiff in a specific instance."], (quoting Lowery v. Circuit City Stores, Inc., 158 F.3d 742, 761 (4th Cir. 1998)).



being asserted by this Plaintiff. Plaintiff cannot now change his theory of recovery, nor is the Defendant required to defend a claim which essentially becomes a "moving target" depending on the facts and arguments presented.

In any event, even if Plaintiff had asserted a hostile work environment claim in this case, "[i]ncidents outside of the statutory window are [nevertheless] time-barred unless they can be related to a timely incident as a 'series of separate but related acts' amounting to a continuing violation". Beall v. Abbott Laboratories, 130 F.3d 614, 620 (4th Cir. 1997), (citing Jenkins v. Home Ins. Co., 635 F.2d 310, 312 (4th Cir. 1980)); Morgan, 536 U.S. at 105 ["[C]onsideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, is permissible for the purposes of assessing liability, so long as any act contributing to that hostile work environment takes place within the statutory time period."]; Huckabay v. Moore, 142 F.3d 233, 239 (5th Cir. 1998). Plaintiff has identified no specific act contributing to any hostile work environment against him that took place within the statutory time period. Therefore, Plaintiff's hostile work environment argument is without merit.

As for equitable estoppel, Plaintiff states only in his brief that "[f]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling", citing to Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982)]. Plaintiff's Memorandum, p. 7. While setting forth this standard, however, Plaintiff has offered no evidence whatsoever to show why he is entitled to equitable relief in this case. Plaintiff cannot simply set forth a legal standard, with no supporting argument or cite to relevant evidence, and expect to obtain equitable relief. "Equitable relief is reserved for only the most deserving complainants," usually

6



3:04-cv-00648-MBS     Date Filed 08/02/06     Entry Number 21     Page 7 of 8

where there exists affirmative misconduct. Polsby v. Chase, 970 F.2d 1360, 1363 (4th Cir. 1992), vacated on other grounds, 113 S.Ct. 1940 (1993)

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

Polsby, 970 F.2d at 1363, (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Here, as noted, Plaintiff has presented no evidence to show that he is entitled to equitable estoppel in this case. Ramirez v. City of San Antonio, 312 F.3d 178, 183 (5th Cir. 2002) ["The party who invokes equitable tolling bears the burden of demonstrating that it applies in his case."]; see also Madison v. St. Joseph Hospital, 949 F.Supp. 953, 960 (D.N.H. 1996).

In reaching the conclusion set forth herein, the undersigned is not signaling a lack of concern over Plaintiff's claim. However, the Fourth Circuit has strictly construed the statutory filing requirements for Title VII cases, holding that "[p]rocedural requirements…for gaining access to the…courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Polsby, 970 F.2d at 1364, vacated on other grounds, 113 S.Ct. 1940 (1993), (citing Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984)); see Poteat v. Mack Trucks Inc., No. 96-1437, 1997 WL 33117, **4 (4th Cir. January 28, 1997); Chappell v. Emco Machine Works Co., 601 F.2d 1295, 1303 (5th Cir. 1979). Therefore, Plaintiff is not entitled to any equitable relief in this case.

## Conclusion

Based on the foregoing, it is recommended that the Defendant's motion for

7



summary judgment be **granted**, and that this case be **dismissed**.

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

August 2, 2006

